## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MAYRA FACUNDO, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-2083 |
| | § | |
| MAXIMUM GLOBAL | § | |
| TRANSPORTATION, LLC AND | § | |
| DAVID BRADLEY DEYERLE | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mayra Facundo files this Original Complaint against Maximum Global Transportation, LLC, a company, and David Bradley Deyerle, an individual, and respectfully alleges as follows:

### I.
### PARTIES

1.     Plaintiff Mayra Facundo is an individual and resident of Dallas County, Texas.

2.     Defendant Maximum Global Transportation, LLC is a Mississippi Company, with a principal office address of 1000 Highland Colony Parkway, Building 5000, Suite 5203, Ridgeland, Mississippi 39157. It may be served with process by and through its registered agent, Registered Agents, Incorporated, located at 270 Trace Colony Park, Suite B, Ridgeland, Mississippi 39157.

3.      Defendant David Bradley Deyerle is an individual and resident of Virginia, who may be served with process at his residence of 1469 Muse Drive, Vinton, Virginia 24179, or wherever he may be found.

## II.
## JURISIDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 United States Code section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Venue is proper in the Dallas Division of the Northern District of Texas because all or a substantial part of the events or omissions giving rise the Plaintiff's claims occurred in Dallas, Dallas County, Texas. Specifically, the motor vehicle collision that is the basis of this suit occurred in Dallas, Texas.

## III.
## CONDITIONS PRECEDENT

6.      All conditions precedent have been performed or have occurred.

## IV.
## FACTS

7.      This case arises out of a vehicle collision that occurred on May 27, 2021, at approximately 4:00 p.m. on the South bound service road near the 600th block of Interstate Highway 35.

8.      At the time of the collision, Defendant Mr. Deyerle was operating a tractor-trailer owned by Defendant Maximum Global Transportation, LLC ("Maximum Global"), believed by Plaintiff to be Defendant Mr. Deyerle's employer.

9.      Defendant Maximum Global entrusted the tractor-trailer involved in this collision to Mr. Deyerle, an incompetent or unqualified driver.

10.     Upon information and belief, Defendant Mr. Deyerle was, at all relevant times, an employee, agent, or independent contractor of Defendant Maximum Global, acting within the course and scope of his employment.

11.     While Defendant Mr. Deyerle was operating the Defendant Maximum Global's tractor-trailer, Mr. Deyerle attempted to change lanes from the left center lane into the far-left lane that was occupied by Ms. Facundo's vehicle.

12.     Defendant Mr. Deyerle's unsafe lane change caused the collision of Defendant's trailer with Ms. Facundo's vehicle.

13.     As a result of the collision, Plaintiff suffered injuries and damage to Plaintiff's vehicle. Plaintiff, Ms. Facundo, has experienced physical pain and suffering and mental anguish in addition to her economic damages, as detailed below.

### V.
### NEGLIGENCE OF DEFENDANT DAVID BRADLEY DEYERLE

14.     Defendant David Bradley Deyerle owed a duty to the public to exercise ordinary care in the operation of a motor vehicle on public roadways. He failed to exercise ordinary care and thus breached his duty of care in the following ways:

  i.     Changing lanes while unsafe;

  ii.    Failing to keep a safe distance;

  iii.   Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

  iv.    Failing to properly and timely apply his vehicle's brakes to avoid the collision referenced above;

  v.     Failing to take proper evasive measures to avoid the collision referenced above;

vi.  Driving in a reckless manner;

vii.  Driver inattention;

viii.  Upon information and belief, driving while distracted; and

ix.  Failure to give proper warning upon an impending collision.

15. Defendant Mr. Deyerle's failure to exercise ordinary care proximately caused Plaintiff's injuries.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT DAVID BRADLEY DEYERLE

16. For the reasons stated above, Defendant Deyerle recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Specifically, Defendant Deyerle violated the following statutes:

i.  Changing lanes when unsafe. Tex. Transp. Code § 545.060;

ii.  Failure to yield the right-of-way while changing lanes. Tex. Transp. Code § 545.061;

iii.  In failing to yield the right-of-way resulting in an accident. Tex. Transp. Code Ann. § 542.4045;

iv.  In failing to keep a safe distance. Tex. Transp. Code Ann. § 545.062; and

v.  In driving in a reckless manner.  Tex. Transp. Code Ann. § 545.401.

vi.  In failing to yield the right-of-way to a vehicle that has entered an intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection. Tex. Transp. Code Ann § 545.153(b).

17. Such acts and/or omissions constitute negligence per se. This negligence per se proximately caused Plaintiff's injuries.

## VII.
## RESPONDEAT SUPERIOR

18.      Defendant Maximum Global is responsible for the actions of Mr. Deyerle under the doctrine of *respondeat superior*. Plaintiff was injured due to the negligence, negligence per se, and gross negligence of Maximum Global's employee or agent, Mr. Deyerle. Upon information and belief, Mr. Deyerle was a Maximum Global employee acting in the course and scope of employment when the above-described acts and/or omissions were committed. Alternatively, and only if Mr. Deyerle is found at some point in the future to not be an employee of Maximum Global, Plaintiff alleges that Mr. Deyerle was an independent contractor and/or agent acting on behalf of Maximum Global at all relevant times.

## VIII.
## NEGLIGENT ENTRUSTMENT BY MAXIMUM GLOBAL TRANSPORTATION, LLC

19.      The occurrence made the basis of this suit, referred to above, and the resulting damages were proximately caused by the negligent conduct of Defendant Mr. Deyerle, acting in the course and scope of employment and on behalf of Maximum Global. On the occasion in question:

   a.   Upon information and belief, Defendant Maximum Global was the owner of the tractor-trailer operated by Defendant Mr. Deyerle on the date of the incident;

   b.   Defendant Maximum Global entrusted the tractor-trailer to Mr. Deyerle as a reckless or incompetent driver;

   c.   Defendant Mr. Deyerle was negligent on the date of the incident; and

   d.   Defendant Mr. Deyerle's negligence was the proximate cause of Plaintiff's injuries and damages.

## IX.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

20.     *Negligent Hiring*. Defendant Maximum Global had a duty to hire competent employees. Upon information and belief, Defendant Maximum Global breached that duty by hiring Defendant Mr. Deyerle, due to inadequate screening measures and/or because Defendant Mr. Deyerle was an incompetent or unqualified driver. Upon information and belief, Defendant Maximum Global's failure to perform adequate pre-employment screening measures and hiring practices and/or its hiring of an incompetent or unqualified driver proximately caused Plaintiff's injuries. Furthermore, Plaintiff's injuries are a harm of the type for which the law permits recovery.

21.     *Negligent Training*. Defendant Maximum Global had a duty to train competent employees. Upon information and belief, Defendant Maximum Global breached that duty by failing to train, or by inadequately training Defendant Mr. Deyerle. Upon information and belief, Defendant Maximum Global's training practices as they relate to Defendant Mr. Deyerle fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of Maximum Global's duty to train competent employees proximately caused Plaintiff's injuries and damages.

22.     *Negligent Supervision*. Defendant Maximum Global had a duty to supervise its employees. Upon information and belief, Defendant Maximum Global breached that duty by failing to supervise, or by inadequately supervising Defendant Mr. Deyerle. Upon information and belief, Defendant Maximum Global's supervision as it related to Defendant Mr. Deyerle fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of Maximum Global's duty to supervise Defendant Mr. Deyerle proximately caused Plaintiff's injuries and damages.

23.     *Negligent Retention*. Defendant Maximum Global had a duty to retain competent employees. Upon information and belief, Defendant Maximum Global breached that duty by retaining Defendant Mr. Deyerle, an incompetent and/or unqualified driver. Upon information and belief, Defendant Maximum Global's retention practices, as they relate to Defendant Mr. Deyerle, fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of Maximum Global's duty to retain competent employees proximately caused Plaintiff's injuries and damages.

## X.
## GROSS NEGLIGENCE OF DEFENDANTS

24.     As stated previously, Defendant Mr. Deyerle had a duty to exercise ordinary care in the operation of a motor vehicle. Defendant Maximum Global owed a duty to exercise ordinary care in its hiring, supervision, training, and retention of employees and in the entrustment of its tractor-trailer. For the reasons set forth above, Defendant Mr. Deyerle recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Such acts or omissions constitute gross negligence.

25.     The acts and/or omissions of the Defendants, when viewed objectively from Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the public and Plaintiff.

26.     This willful or wanton disregard for the safety of persons or property proximately caused Plaintiff's injuries. Thus, the Defendants are liable for gross negligence and exemplary damages.

27.     Additionally, for the reasons stated above as they relate to negligent hiring, retention, supervision, and training, and the negligent entrustment of a vehicle to Defendant Mr. Deyerle, Plaintiff alleges that Defendant Maximum Global is also liable for gross negligence and exemplary damages, as further detailed above.

## XI.
## DAMAGES

24. Plaintiff Mayra Facundo sustained injuries in the collision referenced above as a direct and proximate result of Defendants' acts and omissions.

25.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Ms. Facundo has incurred the following damages:

    a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c.   Physical pain, suffering, and mental anguish in the past and future;

    d.   Physical impairment in the past and future;

    e.   Property damage;

    f.   Loss of enjoyment of life;

    g.   Loss of household services in the past and which will, in all reasonable probability, be incurred in the future;

    h.   Loss of wages in the past;

    i.    Loss of wages that will, in all reasonable probability, be incurred in the future; and

    j.    Exemplary damages.

26.    By the reasons stated above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII.
## JURY DEMAND

27.    Plaintiff requests her right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiff has tendered, or will tender, the requisite fee to the District Clerk.

## XIII.
## PRAYER

28.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may show herself to be entitled by law or in equity.

Respectfully submitted,

*/s Kim Jones Penepacker*
KIM JONES PENEPACKER
State Bar No. 24101976
Kim@thetexaslawdog.com
MATTHEW E. AUSLBROOK
State Bar No. 24093880
Matt@thetexaslawdog.com

**AULSBROOK LAW FIRM, PLLC**
420 E. Lamar Blvd., Ste. 110
Arlington, Texas 76011
Tel. 817.775.5364
Fax 817.381.5892
**ATTORNEYS FOR PLAINTIFF**